Filed 11/7/14  In re Muhammad A. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re MUHAMMAD A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>MUHAMMAD A.,<br><br>        Defendant and Appellant. | F068728<br><br>(Super. Ct. No. 13CEJ600482-1)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy Kams, Judge.

Randall Conner and E. Katherine Dashiell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Detjen, J., and Franson, J.

## INTRODUCTION

On June 7, 2013, appellant, Muhammed A., was charged in a juvenile delinquency petition pursuant to Welfare and Institutions Code section 602 with felony second-degree robbery (Pen. Code, § 211, count 1)[1] and misdemeanor assault by means likely to cause great bodily injury (§ 245, subd. (a)(4), count 2). On September 25, 2013, the juvenile court found the allegations true at the conclusion of a jurisdiction hearing as to appellant and a second juvenile, Q.M.

On November 13, 2013, the prosecution filed a subsequent juvenile petition alleging two felony counts that on November 10, 2013, appellant unlawfully drove or took a vehicle (Veh. Code, § 10851, subd. (a), count 1) and received a stolen motor vehicle (§ 496d, subd. (a), count 2). On November 14, 2013, appellant admitted count 2 and the court dismissed count 1.

At the joint disposition hearing on both petitions, the juvenile court granted the prosecutor's motion to dismiss the subsequent petition filed on November 13, 2013. On the original petition, the juvenile court found appellant to be a ward, placed him on probation for one year upon various terms and conditions, and ordered his detention in the Fresno County Juvenile Justice Campus for 180 days. The court found count 1 to be a felony and count 2 to be a misdemeanor. Appellant was granted 75 days of custody credits.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

Rosalino Zarate owned a green bicycle. At approximately 4:30 p.m. on June 4, 2013, Zarate rode his green bicycle to Quigley Park in Fresno on the corner of Dakota and Teilman. Six young black males surrounded Zarate at the park and grabbed Zarate's

---

[1]    Unless otherwise designated, statutory references are to the Penal Code.

2.

bicycle. One of the suspects, Q.M., displayed a handgun in his waistband. Three of the males stood close to Zarate while the other three took Zarate's bicycle. Appellant was part of the group. Zarate had his hands on the bicycle until Q.M. showed him the gun. All six suspects left the scene with Zarate's bicycle. Zarate called police.

On the afternoon of June 5, 2013, Zarate walked towards park. Q.M., appellant, and a third suspect approached Zarate near the intersection of West Dakota Avenue and North West Avenue. Appellant, who rode Zarate's bicycle, dismounted and said "here comes the guy from the bike." All three males hit Zarate. Q.M. threw Zarate to the ground and all three males started kicking him.

Janet McElroy stopped her vehicle near the three attackers. Another car also stopped and the driver said something to the attackers and they walked away. McElroy got back into her car, stopped, and told the attackers to leave Zarate alone and to return his bicycle to him. One of the suspects told McElroy that the bicycle belonged to him, not to Zarate. Zarate entered McElroy's vehicle. McElroy followed the suspects, who fled with Zarate's bicycle, and drove to a nearby police station. She called the police from across the street of the station, keeping an eye on the attackers as they walked down the street.

McElroy recognized the suspects as the same persons who had assaulted Zarate. A police officer detained the suspects. Zarate identified the suspects as the persons who had assaulted him.

Fresno Police Department Officer Pat Mares questioned Q.M. and appellant following their arrest. Mares advised Q.M. of his *Miranda*[2] rights. Q.M. said he was present during the robbery but denied participating in it or possessing a gun. Q.M. said that a Caucasian male named Marzulo had used a gun to rob Zarate. Q.M. then said he possessed a "fake gun" on the Sunday prior to the robbery, but not on the date of the

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

robbery. Q.M. said that a Hispanic juvenile named Sanchez used a gun to rob Zarate. Q.M. was aware that the bicycle appellant was riding was stolen.

Regarding the assault on Zarate on June 5, 2013, Q.M. said that Zarate had attempted to seize the bicycle from appellant. A third party, unrelated to the robbery on the previous day, who mistook Zarate for a bicycle thief, had confronted him. Q.M. denied using any force against Zarate.

Mares also gave appellant his *Miranda* rights and questioned him. Appellant admitted he was present when the bicycle was taken and again the next day. According to appellant, the bicycle was taken by a kid. Appellant did not know his name. The incident happened at Quigley Park on the corner of Dakota and Teilman in Fresno. Appellant said the bicycle was taken back from Zarate because it belonged to appellant's uncle. Appellant claimed that on June 5, 2013, Zarate grabbed appellant off of the bicycle and an unknown third party believed Zarate was trying to steal the bicycle. Appellant denied any physical confrontation with appellant.

The parties stipulated that a recording and transcript of the recording of Zarate's call to the police on June 4, 2013, could be admitted into evidence. Zarate said that two minors confronted him with guns. Zarate said that he could not describe the minors because they made him turn his head away.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) By letter on May 15, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.